UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **GUIDONNA WHEATCRAFT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-cv-809 |
| | ) |
| **BEST DEAL DISTRIBUTION INC.** | ) |
| d/b/a **CHIEF'S DISCOUNT TOBACCO** | ) |
| and **THOMAS BELL** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Guidonna Wheatcraft ("Wheatcraft") brings this action against Best Deal Distribution Inc. d/b/a Chief's Discount Tobacco ("Best Deal") and Thomas Bell ("Bell") (together "Defendants"), and shows as follows:

## OVERVIEW

1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Claim Statute I.C. § 22-2-9 *et seq.* Defendants violated the FLSA by failing to pay Wheatcraft the minimum wage and overtime premium required under federal law. Defendants violated Indiana law by failing to timely pay Wheatcraft her earned wages.

## PARTIES

2.  Wheatcraft is an individual who resides in Madison County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned,

Wheatcraft was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Bell is an owner, member and/or officer of Best Deal. In this capacity, Bell is involved in the day-to-day business operations of Best Deal. Bell has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage and overtime violations alleged in this Complaint. At all relevant times, Bell acted and had responsibility to act on behalf of, and in the interests of, Best Deal in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage and overtime issues raised in this lawsuit. At all relevant times, Bell was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Best Deal is an Indiana corporation doing business in Madison County, Indiana. Best Deal acted, directly or indirectly, in the interest of an employer with respect to Wheatcraft. Best Deal is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Wheatcraft brings claims arising under federal law. This Court has supplemental jurisdiction over Wheatcraft's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Wheatcraft was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

10. Defendants own and operate a tobacco store in Anderson, Indiana.

11. Defendants employed Wheatcraft from May 16, 2017 to January 8, 2018.

12. During her employment, Defendants paid Wheatcraft a base hourly rate of $7.25 an hour.

13. Defendants terminated Wheatcraft's employment on January 8, 2018.

14. Throughout her employment with Defendants, Defendants paid Wheatcraft on a bi-weekly basis.

15. Wheatcraft was not exempt from the minimum wage and overtime provisions of the FLSA.

16. During her employment with Defendants, Wheatcraft worked in excess of forty (40) hours in a single workweek but was not paid the FLSA required overtime premium for her hours worked in excess of forty (40) in a single workweek.

17. Throughout her employment, Wheatcraft was required to work outside of her scheduled shifts for no compensation. Specifically, Defendants did not track Wheatcraft's actual hours worked. Rather, Defendants only paid Wheatcraft for her hours worked during her scheduled shifts. Wheatcraft was paid no wages for hours she worked before, after and outside of her scheduled shifts.

18. Defendants knew or had reason to know that Wheatcraft regularly worked hours before, after and outside of her scheduled shifts and for which she received no compensation.

19. Defendants knew or had reason to know that Wheatcraft worked hours in excess of forty (40) in a single workweek and for which she either received no compensation or compensation at her regular rate of pay.

20. At the time Defendants terminated her employment on approximately on January 8, 2018, Wheatcraft was owed but did not receive, payment of her earned wages.

21. At the time Wheatcraft's employment ended, Wheatcraft was owed payment for her last two pay periods worked for Defendants.

22. Specifically, between December 26, 2017, and January 8, 2018, Wheatcraft worked approximately 62 hours for Defendants.

23. Defendants have refused to pay Wheatcraft any wages for the 62 hours she worked for Defendants between December 26, 2017 and January 8, 2018.

24. By refusing to pay Wheatcraft at least $7.25 for all her hours worked throughout her employment, Defendants did not pay Wheatcraft the minimum wage required by the FLSA.

25. By refusing to pay Wheatcraft at least one and one half her regular rate of pay for her hours worked in excess of forty (40) in a single workweek, Defendants did not pay Wheatcraft the overtime premium required by the FLSA.

26. By refusing to pay Wheatcraft any wages for her hours worked between December 26, 2017 and January 8, 2018, Defendants did not pay Wheatcraft the minimum wage required by the FLSA.

27. By refusing to pay Wheatcraft all her earned wages for her last two pay periods, Defendants have failed to timely pay Wheatcraft her earned wages in accordance with Indiana law.

28. By refusing to pay Wheatcraft all her earned wages for all her hours worked throughout her employment, Defendants have failed to timely pay Wheatcraft her earned wages in accordance with Indiana law.

29. On January 31, 2018, Wheatcraft filed a wage claim with the Indiana Department of Labor. On March 1, 2018, the Indiana Office of the Attorney General referred Wheatcraft's wage claim to the Law Office of Robert J. Hunt, LLC, for prosecution of this matter.

**COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

30. Wheatcraft hereby incorporates by reference Paragraphs 1-29 of this Complaint.

31. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 and 207 by failing to comply with the minimum wage and overtime requirements of the FLSA.

32. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Wheatcfraft as protected by the FLSA.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-9 *et. seq.*

33. Wheatcraft hereby incorporates by reference Paragraphs 1 – 32 of this Complaint.

34. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-9 *et. seq.* by failing to timely pay Wheatcraft's wages.

35. Defendants' refusal to timely pay Wheatcraft her earned wages was in bad faith.

### PRAYER FOR RELIEF

WHEREFORE, Wheatcraft respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Wheatcraft, in addition to liquidated damages equal in amount to the unpaid compensation due to Wheatcraft;

b. An Order pursuant to I.C. §§ 22-2-9 *et. seq.* finding Defendants liable for unpaid earned wages due to Wheatcraft, plus liquidated damages double in amount of the unpaid wages found due to Wheatcraft;

c. An Order awarding Wheatcraft costs of this action;

d. An Order awarding Wheatcraft reasonable attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

s/Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
3091 E. 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com


Attorney for Plaintiff